CARAO *v.* GUIMARAES.[*]

*(District Court, E. D. Pennsylvania.* December 12, 1881.)

1. SHIPPING—FREIGHT MONEY, RECOVERY OF.

In a bill of lading reciting "the weight and quantity unknown; not accountable for the cork on deck and bursting of bundles, several of which open for stowage," the obligation as respects delivery in " good condition " is an obligation for proper stowage according to the usual custom of stowing such cargo : and where the weight of evidence justifies the belief that this custom was complied with, and delivery of the cargo was proved, *held,* that the master was entitled to recover the freight money.

Libel by the master of the bark Samuele against Jose de Bessa Guimaraes to recover freight on 800 bales of cork-wood. The bill of lading recited "the weight and quality unknown; not accountable for the cork on deck and bursting of bundles, several of which open for stowage." Respondent defended on the grounds (1) that there was a short delivery; (2) that the cork was injured by being stowed in contact with salt, which formed the balance of the cargo, when the custom was to separate it from the salt by mats or boards; (3) that the captain had unwarrantably cut open a large number of bales, to the great injury of the cork. The testimony was conflicting as to the delivery, the custom of stowage, and as to the necessity for cutting the bales.

*John G. Johnson,* for libellant.

*Chas. Gibbons, Jr.,* for respondent.

BUTLER, D. J. The claim is for freight for carrying cork-wood. The defence set up is (1) short delivery; (2) unwarranted cutting of

[*]Reported by Frank P. Prichard, Esq., of the Philadelphia bar.

bales; and (3) failure to deliver in "good order and condition. No question of law is involved; and very little space need be occupied in discussing the facts. An analysis of the testimony would require much time and labor, and be of little value. It is sufficient to say that, in the judgment of the court, neither of the allegations is sustained.

Unless the master and mate have sworn falsely, all the cargo shipped was delivered; and there is nothing to justify a belief that they have sworn falsely.

A fair construction of the contract (in the light of surrounding circumstances) seems to justify all the cutting of bales shown by the evidence. The object of cutting, and of the provision respecting it in the contract, was to provide for convenient stowage. It does not appear that any more bales were cut than was necessary for this purpose.

The obligation of the libellant, as respects delivery in "good condition," was an obligation for proper stowage, and did not extend beyond a requirement to comply with the usual custom of stowing such a cargo. The weight of the evidence justifies a belief that this custom was complied with. While the testimony here is conflicting, and the respondent's case was prepared with unusual care, and urged with much ability, a very patient examination has satisfied me that the weight of the evidence is with the libellant.

A decree must be entered against the respondent for freight, with costs.